UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMY CLARA ALPHIN | § | Civil Action No.:  3:20-cv-644 |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | JURY TRIAL DEMANDED |
| | § | |
| LEE LEWIS CONSTRUCTION, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Amy Clara Alphin ("Alphin") brings this action against Defendant Lee Lewis Construction, Inc. ("LLC") for violating the laws of the United States of America and the State of Texas and alleges the following:

### I.   INTRODUCTION

1. This action seeks equitable relief, compensatory and punitive damages, emotional damages, front and back pay, attorney's fees and costs, expert witness fees, costs of court, pre-judgment and post-judgment interest for violations of the American with Disabilities Act ("ADA"), Genetic Information Nondiscrimination Act of 2008 ("GINA"), the Fair Labor Standards Act ("FLSA") and the Texas Commission on Human Rights Act ("TCHRA") for discrimination based on disability suffered by Plaintiff.

2. Plaintiff demands a jury on all issues triable to a jury.

### II. PARTIES, JURISDICTION, AND VENUE

3. Amy Clara Alphin ("Alphin") is an adult citizen of the United States, residing in the State of Texas.

4.      Defendant, Lee Lewis Construction, LLC ("LLC") is a company doing business in Texas and can be served by and through its registered agent, Registered Agent Solutions, Inc. at 1701 Directors Blvd., Suite 300, Austin, TX 78744 or its local Dallas Office located at 17177 Preston Road, suite 160, Dallas, TX 75248 or wherever it may be found.

5.      The Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§ 1331 and 1367 as this action being brought under ADA, GINA, FLSA and TCHRA.

6.      Venue is proper in the Northern District of Texas, under 28 U.S.C. § 1391(b) since the substantial part of the events or omissions giving rise to this cause of actions occurred in the Northern District of Texas, specifically Dallas, Texas.

7.      At all times relevant to this matter, upon all information and knowledge available, LLC employed more than fifteen (15) employees.

8.      Plaintiff was employed by LLC within the meaning of the Fair Labor Standards Act, 29 U.S.C. §201 et seq. ("FLSA") and under Texas state law.  At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in production of goods for commerce by 29 U.S.C. §§206-207.

9.      Defendant is engaged in commerce or the production of goods in the meaning of the FLSA, and is obligated to ensure that all employees are paid in compliance with the FLSA.

10.

11.     The amount in controversy exceeds $75,000.00.

### III.    CONDITIONS PRECEDENT

12.     All conditions precedent to filing this cause of action have been met.

### IV.    FACTS

13.     At all times relevant to this case, Plaintiff was an employee of LLC.

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                              2

14. Plaintiff suffers disabling genetic condition called Pachyonychia Congenita which results from several genes involved in keratin production to not function properly and results in extremely fragile skin, thick nails, extreme pain, blistering, and infections which particularly affects any areas of the body subject to friction including but not limited to palms of the hand and soles of the feet. This condition prevents and/or severely limits her with respect to several major life activities.

15. On or about May 11, 2017, Plaintiff was hired as a full-time Estimating Coordinator.

16. The primary duties of an Estimating Coordinator at LLC are to make bid requests/advertisements of subcontractors, collects bids, organize bids, and present those bids to management who makes decisions on which subcontractors win the bids.

17. Plaintiff was paid on a salary basis but was never paid time and a half for working more than forty (40) hours in a week.

18. Plaintiff worked an average of fifty (50) hours per week without proper overtime compensation under the FLSA.

19. Shortly after being hired, Plaintiff discussed her condition with her supervisor Justin Gregory ("Gregory") and asked how to properly ask for time off for medical appointments as her condition required monthly pain management doctor visits. Gregory said to avoid setting appointments on bid days and inform him if she needed to be out more than 1-2 hours, but did not ask for documentation or otherwise instruct Plaintiff on how to report her disability further or request an accommodation.

20. Gregory also indicated that the time to be at work was flexible and Plaintiff never abused this freedom by more than fifteen (15) minutes on average, unless she had a doctor's appointment.

21. On or about May 23, 2017, Ken Pape ("Pape") joined LLC and replaced Gregory as Plaintiff's direct supervisor.

22. On or about June 14, 2017, Plaintiff informed Pape about her monthly pain management appointments and some specific symptoms namely side effects of medications, severe fatigue, nausea, and the fact that her conditions affected her particularly in the morning.

23. On or about June 24, 2017, during an annual company retreat, Plaintiff informed Pape that she could not consume alcohol due to the medications she took for her condition.

24. On or about Wednesday, July 19, 2017, Ms. Alphin came to work after being treated for a significant infection with IV antibiotics the night before in a local emergency room. She came into work and explained her situation to Pape in detail and showed him documentation including hospital discharge documents. Pape was visibly worried about Ms. Alphin being contagious and asked her if she was contagious. Ms. Alphin further explained her condition and printed out and presented Pape with explanatory documents explaining her genetic condition.

25. On or about Monday, July 24, 2017, Plaintiff was terminated for being disabled and having a genetic condition but was told it was for being late.

26. After being terminated, Plaintiff lost her medical benefits which created a situation in which she could not afford regularly treatment of her infection and other medications to address her daily extreme pain. This led to significant psychological and emotional injury.

27. Plaintiff suffered significant damages including time and a half pay, front pay, back pay, interest, attorney's fees and costs and significant emotional damages from being fired for her condition.

## V.  CAUSES OF ACTION

### COUNT ONE:  VIOLATIONS OF AMERICAN WITH DISABILITIES ACT AND TEXAS COMMISSION ON HUMAN RIGHTS ACT

28. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

29. LLC is a "covered entity" and an "employer" as defined by the American with Disabilities Act (ADA) at 42 U.S.C. § 12111(2) & (5) and TCHRA.

30. Plaintiff is an "employee" as defined by the ADA at 42 U.S.C. §12111(4) and TCHRA.

31. LLC violated the ADA/TCHRA by discriminating against Ms. Alphin based upon her disability in regards to her termination and failure to accommodate.

32. LLC was aware of Plaintiff's disability.

33. Plaintiff's disability impaired one or more major life activities.

34. LLC failed to engage in the interactive process with Plaintiff despite numerous efforts of Plaintiff to explain her condition and requesting processes to obtain an accommodation.  Once LLC learned of Ms. Alphin's true disability in detail, they did not even try to accommodate Plaintiff or otherwise work with her to find a job he could do with accommodation.

35. As such, Plaintiff was damaged and is entitled to damages under the ADA for such violations by LLC.

36. Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages and benefits.  Such discrimination was committed with malice and reckless indifference to the rights of Plaintiff to be treated as a member of a protected class, and to the intent of the statute to protect victims from such actions.  Such malicious or reckless indifference warrants punitive damages as

provided in the American with Disabilities Act.

37.     More specifically, Defendant absolutely knew in great detail that Plaintiff was being treated for a significant infection related to her condition.  After two business days and a weekend, on Monday, July 24, 2017, they decided to effectively end her means to pursue treatment for her recently reported infection by ending her employment and health insurance benefit.  Plaintiff's infection thereafter became extremely severe without proper treatment.  Plaintiff's life was then thrown into a downward spiral by Defendant's actions.

38.     As a result of Defendant's discriminatory actions, Plaintiff has been denied opportunities to which she was entitled and such benefits and privileges that she would have received if she had not been intentionally discriminated against by Defendant.  Plaintiff is now suffering and will continue to suffer past and future pecuniary loss, emotional anguish, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.  This irreparable injuries and monetary damages are the result of Defendants' discriminatory practices and they will continue unless and until this Court grants relief.

### COUNT TWO: VIOLATIONS OF GENETIC INFORMATION ACT OF 2008

39.     Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

40.     LLC is a covered employer under the Genetic Information Act of 2008 ("GINA").

41.     Ms. Alphin is a covered employee under GINA as she suffers from a genetic condition.

42.     Ms. Alphin was discriminated against in violation of GINA when LLC terminated her two (2) business days after learning the true nature of her genetic condition.

43.     Ms. Alphin was further discriminated against in violation of GINA when LLC terminated Ms. Alphin's health insurance to treat her genetic condition and resulting present

infection that she was fighting as of the time of the time of her report to her employer and her termination.

44. Ms. Alphin has been significantly damaged by not being employed and having health insurance.

45. She has had to heavily rely on her elderly parents, her children and government programs just to survive and stay alive.

46. She has suffered severe/significant emotional and mental injury as a result of LLC's actions and especially the timing of such actions.

## COUNT THREE: VIOLATIONS OF FAIR LABOR STANDARDS ACT

47. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

48. LLC is a covered employer under FLSA.

49. Ms. Alphin is a covered employee under FLSA.

50. Ms. Alphin was paid on a salary basis ($50,000.00 annually) but was never paid for overtime in compliance with the FLSA.

51. Ms. Alphin consistently worked an average of fifty (50) hours per week.

52. Plaintiff is entitled to double damages as a result of this intentional and purposeful violation of the FLSA as well as interest and attorney's fees and costs and all other damages to which she is entitled under FLSA.

## VI. DAMAGES

53. Each and every allegation contained in the foregoing paragraphs are re-alleged as if fully re-written herein, and incorporated by reference.

54. LLC's violations of ADA, GINA, and FLSA give rise to the following damages: back pay, reinstatement, or if reinstatement is deemed not feasible, compensation for lost future pay or front pay; benefits in the past and the future, liquidated damages; costs; expert witness fees; attorneys' fees; mental anguish; emotional distress in the past and future; compensatory damages; punitive damages; and pre- and post-judgment interest as allowed by law.

55. Additionally, since LLC's actions were committed maliciously, willfully, and/or with reckless indifference to Plaintiff's federally protected rights, Plaintiff is entitled to recover punitive, liquidated, and/or exemplary damages in an amount sufficient to deter LLC and others similarly situated from this conduct in the future.

## VII.  JURY DEMAND

56. Plaintiffs respectfully request a trial by jury.

## VIII.  PRAYER FOR RELIEF

57. WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her:

   a. Declaration that LLC violated Plaintiff's rights under ADA, GINA, FLSA, and TCHRA;

   b. Actual and compensatory damages for the period of time provided by law, including appropriate back pay, front pay and reimbursement (past and future) for lost pension, insurance and all other benefits;

   c. Reinstatement, or front pay, including benefits, in lieu of reinstatement;

   d. Compensatory damages as allowed by law

   e. Punitive/Liquidated damages as allowed by law;

   f. Reasonable attorneys' fees, costs and expenses of this action

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                                                   8

    g. Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

    h. Emotional distress and mental anguish;

    i. Pre-judgment and post-judgment interest as allowed by law;

    j. Costs of court and other costs of prosecuting Plaintiff's claim; and

    k. Such other and further relief as may be allowed by law.

DATED: March 16, 2020              RESPECTFULLY SUBMITTED,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. Bhatti
State Bar No. 24062803
14785 Preston Road
Suite 550
Dallas, Texas 75254
(214) 253-2533 (Telephone)
(214) 279-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
ditty.bhatti@bhattilawfirm.com
*Attorneys for Plaintiffs*